ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL JOPEK, et al., | ) | CASE NO. 1:06CV1000 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| CITY OF CLEVELAND, et al., | ) | [RESOLVING DOCS. 4 & 6] |
| | ) | |
| Defendants. | ) | |

The case at bar is set for Case Management Conference ("CMC") on December 8, 2006, at 12:00 p.m. *See* CMC Scheduling Order (Doc. 8) entered on November 3, 2006.

This action is before the Court upon defendant Anthony Jordan's Motion to Dismiss (Doc. 4). The Court has reviewed the motion and Jordan's affidavit. He moves the Court to dismiss the Complaint as to him pursuant to Fed. R. Civ. P. 4(m) for insufficiency of service of process within 120 days after the filing of the complaint.

This action is also before the Court upon plaintiffs' Motion [for Leave] to Perfect Service (Doc. 6). The Court has reviewed the motion and Exhibit 1, as well as the defendants' memorandum in opposition (Doc. 7). Defense counsel apparently did not comply with a request for waiver of service of a summons pursuant to Fed. R. Civ. P. 4(d). *See* Doc. 6 at 2. Therefore, the plaintiffs request an additional 30 days from August 3, 2006, within which to perfect service upon defendant Anthony Jordan.

On March 21, 2006, plaintiffs Daniel and Rochelle Jopek filed a complaint against the City of Cleveland ("the City"), Anthony Jordan, and John Doe #s 1-4 in the Cuyahoga County, Ohio Court of Common Pleas, being Case No. CV 06 587235. Jordan was sued individually and in his capacity as Prosecutor of the City. However, he had resigned as Cleveland's chief city prosecutor

on March 3, 2006. Affidavit at ¶ 4; *see also* Communites, *Cleveland Plain Dealer*, March 3, 2006, at B3, 2006 WLNR 3647363. On March 29, 2006, Jordan was served by the Cuyahoga County, Ohio Clerk of Courts at his former place of employment by certified mail. *See* Exhibit 1. The City and Jordan removed the case to this Court on April 24, 2006, on the basis of federal question jurisdiction. *See* Petition for Removal (Doc. 1).

The file in this case continues to show no service of the summons and complaint upon Jordan since the case was removed from state court. The John Doe defendants were also not adequately identified and it does not appear that any of them were ever served with process. Furthermore, the plaintiffs have not amended the complaint to substitute the names of the employees and/or agents of the City and/or the Prosecutor's Office for the John Doe defendants. Accordingly,

For good cause shown, plaintiffs' Motion [for Leave] to Perfect Service (Doc. 6) is GRANTED until December 8, 2006. *See* Fed. R. Civ. P. 4(m). Plaintiffs shall forthwith file a praecipe for summons requesting the Clerk of this Court to issue summons to be served upon Jordan.

Defendant Anthony Jordan's Motion to Dismiss (Doc. 4) is DENIED without prejudice to refiling at a later date, if necessary.

This action is dismissed without prejudice as to defendants John Doe #s 1-4. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

IT IS SO ORDERED.

 November 14, 2006                     */s/ John R. Adams*
Date                                   John R. Adams
                                       U.S. District Judge

2